TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JERRY C. YANG
Assistant United States Attorney
Chief, Riverside Branch Office
SONAH LEE (Cal. Bar No. 246024)
Assistant United States Attorney
Riverside Branch Office
    3403 Tenth Street, Suite 200
    Riverside, California 92501
    Telephone: (951) 276-6924
    Facsimile: (951) 276-6202
    E-mail:   Sonah.Lee@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**FILED**
CLERK, U.S. DISTRICT COURT

06/29/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ AP _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>          v.<br><br>SAGI SCHWARTZBERG,<br>  aka "Jason D,"<br>  aka "xocdrunkx,"<br><br>      Defendant. | ED CR No. 5:21-cr-00148-VAP<br><br>PLEA AGREEMENT FOR DEFENDANT<br>SAGI SCHWARTZBERG |

    1.   This constitutes the plea agreement between SAGI

SCHWARTZBERG ("defendant") and the United States Attorney's Office

for the Central District of California (the "USAO") in the

investigation of production, distribution, receipt, and possession of

child pornography.  This agreement is limited to the USAO and cannot

bind any other federal, state, local, or foreign prosecuting,

enforcement, administrative, or regulatory authorities.

///

1          RULE 11(c)(1)(C) AGREEMENT

2      2.   Defendant understands that this agreement is entered into

3  pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

4  Accordingly, defendant understands that, if the Court determines

5  that it will not accept this agreement, absent a breach of this

6  agreement by defendant prior to that determination and whether or not

7  defendant elects to withdraw any guilty plea entered pursuant to this

8  agreement, this agreement will, with the exception of paragraph 26

9  below, be rendered null and void and both defendant and the USAO will

10  be relieved of their obligations under this agreement.  Defendant

11  agrees, however, that if defendant breaches this agreement prior to

12  the Court's determination whether or not to accept this agreement,

13  the breach provisions of this agreement, paragraphs 29 and 30 below,

14  will control, with the result that defendant will not be able to

15  withdraw any guilty plea entered pursuant to this agreement, the USAO

16  will be relieved of all of its obligations under this agreement, and

17  the Court's failure to follow any recommendation or request regarding

18  sentence set forth in this agreement will not provide a basis for

19  defendant to withdraw defendant's guilty plea.

20          DEFENDANT'S OBLIGATIONS

21      3.   Defendant agrees to:

22      a.   Give up the right to indictment by a grand jury and,

23  at the earliest opportunity requested by the USAO and provided by the

24  Court, appear and plead guilty to a one-count information in the form

25  attached to this agreement as Exhibit A or a substantially similar

26  form, which charges defendant with Receipt of Child Pornography, in

27  violation of 18 U.S.C. §§ 2252A(a)(2), (b)(1).

28      b.   Not contest facts agreed to in this agreement.

                                    2

1          c.   Abide by all agreements regarding sentencing contained

2 in this agreement and affirmatively recommend to the Court that it

3 impose sentence in accordance with paragraph 20 of this agreement.

4          d.   Appear for all court appearances, surrender as ordered

5 for service of sentence, obey all conditions of any bond, and obey

6 any other ongoing court order in this matter.

7          e.   Not commit any crime; however, offenses that would be

8 excluded for sentencing purposes under United States Sentencing

9 Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

10 within the scope of this agreement.

11         f.   Be truthful at all times with the United States

12 Probation and Pretrial Services Office and the Court.

13         g.   Agree to and not oppose the imposition of the

14 following conditions of probation or supervised release set forth in

15 the "Appendix" to this Agreement.

16         h.   Pay the applicable special assessments at or before

17 the time of sentencing unless defendant has demonstrated a lack of

18 ability to pay such assessments.

19         i.   At or before the time of sentencing, satisfy any and

20 all restitution/fine obligations based on ability to pay by

21 delivering a certified check or money order to the Fiscal Clerk of

22 the Court, to be held until the date of sentencing and, thereafter,

23 applied to satisfy defendant's restitution/fine balance.  Payments

24 may be made to the Clerk, United States District Court, Fiscal

25 Department, 255 East Temple Street, 11th Floor, Los Angeles,

26 California 90012.

27 ///

28

1          j.   Ability to pay shall be assessed based on the

2  Financial Disclosure Statement, referenced below, and all other

3  relevant information relating to ability to pay.

4          k.   Defendant agrees that any and all restitution/fine

5  obligations ordered by the Court will be due in full and immediately.

6  The government is not precluded from pursuing, in excess of any

7  payment schedule set by the Court, any and all available remedies by

8  which to satisfy defendant's payment of the full financial

9  obligation, including referral to the Treasury Offset Program.

10          l.   Complete the Financial Disclosure Statement on a form

11  provided by the USAO and, within 30 days of defendant's entry of a

12  guilty plea, deliver the signed and dated statement, along with all

13  of the documents requested therein, to the USAO by either email at

14  usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial

15  Litigation Section at 300 N. Los Angeles St., Suite 7516, Los

16  Angeles, CA 90012.

17          m.   Authorize the USAO to obtain a credit report upon

18  returning a signed copy of this plea agreement.

19          n.   Consent to the USAO inspecting and copying all of

20  defendant's financial documents and financial information held by the

21  United States Probation and Pretrial Services Office.

22      4.   Defendant further agrees:

23          a.   To forfeit all right, title, and interest in and to

24  any and all monies, properties, and/or assets of any kind, derived

25  from or acquired as a result of, or used to facilitate the commission

26  of, or involved in the illegal activity to which defendant is

27  pleading guilty, specifically including, but not limited to, Apple

28  iPhone X with IMEI 353056098853760 (the "Forfeitable Assets").

b.    To the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Assets and to the forfeiture of the assets.

c.    To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Assets, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

d.    Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Assets.  If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Assets on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Assets.

e.    Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Assets.

f.    Not to claim that reasonable cause to seize the Forfeitable Assets was lacking.

g.    To prevent the transfer, sale, destruction, or loss of any and all assets described above to the extent defendant has the ability to do so.

h.    To fill out and deliver to the USAO a completed financial statement listing defendant's assets on a form provided by the USAO.

///

5

1      i.   That forfeiture of Forfeitable Assets shall not be

2  counted toward satisfaction of any special assessment, fine,

3  restitution, costs, or other penalty the Court may impose.

4      5.   With respect to any criminal forfeiture ordered as a result

5  of this plea agreement, defendant waives: (1) the requirements of

6  Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice

7  of the forfeiture in the charging instrument, announcements of the

8  forfeiture sentencing, and incorporation of the forfeiture in the

9  judgment; (2) all constitutional and statutory challenges to the

10  forfeiture (including by direct appeal, habeas corpus or any other

11  means); and (3) all constitutional, legal, and equitable defenses to

12  the forfeiture of the Forfeitable Assets in any proceeding on any

13  grounds including, without limitation, that the forfeiture

14  constitutes an excessive fine or punishment.  Defendant acknowledges

15  that forfeiture of the Forfeitable Assets is part of the sentence

16  that may be imposed in this case and waives any failure by the Court

17  to advise defendant of this, pursuant to Federal Rule of Criminal

18  Procedure 11(b)(1)(J), at the time the Court accepts defendant's

19  guilty plea.

20                          THE USAO'S OBLIGATIONS

21      6.   The USAO agrees to:

22      a.   Not contest facts agreed to in this agreement.

23      b.   Abide by all agreements regarding sentencing contained

24  in this agreement and affirmatively recommend to the Court that it

25  impose sentence in accordance with paragraph 20 of this agreement.

26      c.   Except for criminal tax violations (including

27  conspiracy to commit such violations chargeable under 18 U.S.C.

28  § 371), not further criminally prosecute defendant for violations of

                                    6

1   18 U.S.C. §§ 2251(a), 2252A(a)(2), 2252A(a)(5)(B), and 2422(b)

2   arising out of defendant's conduct described in the agreed-to factual

3   basis set forth in paragraph 17 below.  Defendant understands that

4   the USAO is free to criminally prosecute defendant for any other

5   unlawful past conduct or any unlawful conduct that occurs after the

6   date of this agreement.  Defendant agrees that at the time of

7   sentencing the Court may consider the uncharged conduct in

8   determining the applicable Sentencing Guidelines range, the propriety

9   and extent of any departure from that range, and the sentence to be

10  imposed after consideration of the Sentencing Guidelines and all

11  other relevant factors under 18 U.S.C. § 3553(a).

12                          NATURE OF THE OFFENSE

13       7.    Defendant understands that for defendant to be guilty of

14  the crime charged in the single count Information, that is, Receipt

15  of Child Pornography, in violation of Title 18, United States Code,

16  Section 2252A(a)(2), (b)(1), the following must be true:  (1)

17  defendant knowingly received matters which defendant knew contained

18  visual depictions of a minor engaged in sexually explicit conduct;

19  (2) defendant knew the visual depiction contained in the matters

20  showed a minor engaged in sexually explicit conduct; (3) defendant

21  knew that production of such a visual depiction involved use of a

22  minor in sexually explicit conduct; and (4) each visual depiction had

23  been: (a) mailed, shipped, or transported using any means or facility

24  of interstate commerce or in or affecting interstate commerce, or

25  (b) produced using any means or facility of interstate or foreign

26  commerce or shipped or transported in or affecting interstate or

27  foreign commerce by any means, including by computer.

28

PENALTIES AND RESTITUTION

8.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Sections 2252A(a)(2), and (b)(1), is: 20 years' imprisonment; a lifetime period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

9.   Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of Title 18, United States Code, Sections 2252A(a)(2), and (b)(1) is: five years' imprisonment, a five-year period of supervised release, and a mandatory special assessment of $100.

10.   Defendant understands that defendant will be required to pay full restitution to the victim(s) of the offense to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty; and (b) charges not prosecuted pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those charges. Defendant understands that, under the Amy, Vicky, and Andy Child

8

Pornography Victim Assistance Act of 2018, the Court shall impose a restitution amount of not less than $3,000 per victim.

11.   Defendant understands that, pursuant to the Justice for Victims of Trafficking Act of 2015, the Court shall impose an additional $5,000 special assessment if the Court concludes that defendant is a non-indigent person, to be paid after defendant's other financial obligations have been satisfied.

12.   Defendant understands that, pursuant to 18 U.S.C. § 2259A, the Court may impose an additional special assessment of up to $35,000.

13.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

14.   Defendant understands that as a condition of supervised release, under Title 18, United States Code, Section 3583(d), defendant will be required to register as a sex offender.  Defendant understands that independent of supervised release, he will be subject to federal and state registration requirements, for a possible maximum term of registration up to and including life. Defendant further understands that, under Title 18, United States Code, Section 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

15.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

16.   Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty

1  regardless of any immigration consequences that his plea may entail,
2  even if the consequence is automatic removal from the United States.

3                                   FACTUAL BASIS

4       17.  Defendant admits that defendant is, in fact, guilty of the
5  offense to which defendant is agreeing to plead guilty.  Defendant
6  and the USAO agree to the statement of facts provided below and agree
7  that this statement of facts is sufficient to support a plea of
8  guilty to the charge described in this agreement and to establish the
9  Sentencing Guidelines factors set forth in paragraph 19 below but is
10  not meant to be a complete recitation of all facts relevant to the
11  underlying criminal conduct or all facts known to either party that
12  relate to that conduct.

13      Beginning sometime in 2019 and through January 2021, defendant
14  used Snapchat, a mobile instant messaging application, to communicate
15  with MV 1, a minor, in the Central District of California.  Between
16  May 13, 2020 and December 10, 2020, defendant received several
17  sexually explicit images and videos of MV 1 over Snapchat.

18      In November 2020, Fontana Internet Crimes Against Children Task
19  Force ("Fontana ICAC") received a Cybertip from Kik, a mobile instant
20  messaging application, that one of its users with Screen/Username
21  "drunkesq"  and User ID of "drunkesq_o64" had shared suspected child
22  pornography with another Kik user or group of users between October
23  28, 2020 and November 15, 2020.  Fontana ICAC determined that one of
24  the IP addresses associated with the "drunkesq" Kik account was
25  assigned to a residence in Fontana, California, and one of the IP
26  addresses was assigned to a law office of Schwartzberg & Luther, APC,
27  in Ontario, California.  The residence in Fontana was defendant's
28  personal residence and the law office was defendant's law office.

1       Fontana ICAC also discovered that in February 2020, Kik had also

2   submitted a Cybertip that one of its users with Screen/Username of

3   "hoping4achance" and User ID of "hoping4achance_rz6" had also shared

4   suspected child pornography with another user or group of users

5   between February 3, 2020, and February 5, 2020.  One of the IP

6   addresses associated with the "hoping4achance" account was assigned

7   to defendant's personal residence in Fontana ("defendant's

8   residence"), and another IP address was assigned to defendant's

9   previous work address in Rancho Cucamonga, California.

10      On February 17, 2021, Fontana ICAC executed a state search

11  warrant at defendant's residence and encountered defendant at the

12  residence.  Fontana ICAC seized an iPhone X with phone number ending

13  in 9941 from defendant, which defendant admitted was his personal

14  cellphone.  During the execution of the search warrant, defendant

15  agreed to speak with law enforcement.  Defendant initially denied

16  anything to do with child pornography, but did admit to having

17  previously installed the Kik app on his cell phone, and that if law

18  enforcement had traced child pornography to being traded from his IP

19  addresses, then it must have been him.  Defendant admitted to having

20  been a part of a Kik group where he may have forwarded a video

21  depicting child pornography.  Defendant admitted that he was aware

22  that child pornography was illegal.

23      A forensic review of defendant's iPhone revealed a photo vault

24  of sexually explicit images and videos of young women, some appearing

25  to be minors.  Specifically, Fontana ICAC located a folder named

26  "Mxxxxxxxxxxxxxx" which contained sexually explicit photos and videos

27  depicting a female who appeared to be 13-15 years old (namely, MV 1).

28  Fontana ICAC located and interviewed MV 1, currently a sixteen-year

old high school student in Agoura Hills, California, in Los Angeles County.

MV 1 provided information that an individual named "Jason" contacted her through Snapchat about two years ago, when she was about 13 years old.  "Jason" had a Snapchat username of "Jason D" and a user ID of "xocdrunkx."  "Jason" communicated with MV 1 through Snapchat, and agreed to pay her for naked photos of herself.  In total, she believes she sent him about 25 photos and 2 videos of herself, for which "Jason" sent her Vanilla e-gift cards totaling about $600 between May 13, 2020, through December 10, 2020.  Amongst the photos and videos that MV 1 sent defendant were the following images and videos:

- DC32740-E979-484A-9ACF-4B1E8887A102;
- E310434-5E35-4718-9BCA-E3FCB677FDCF; and
- EF7FD938-C708-4F7A-BF89-0D6B688D4E6C.

In addition to MV 1, Fontana ICAC and FBI located four additional individuals in California, Minnesota and Iowa, who provided information that defendant paid for sexually explicit and/or nude photos and videos of them via Snapchat and Kik.

MV 2 is currently a 17 year old female in Rancho Cucamonga, California.  MV 3 is currently a 20 year old female in Coon Rapids, Minnesota, and MV 4 is currently an 18 year old female in Coon Rapids, Minnesota.  MV 5 is currently an 18 year old female in Eldridge, Iowa.  All of them stated that they communicated with an individual later identified as defendant over Snapchat or Kik and that defendant agreed to pay for nude and/or sexually explicit photos and videos of themselves in exchange for payment.  MV 2 did send

defendant sexually explicit images and videos of herself in exchange for payment.

Defendant admits and agrees that he knew the images and videos of MV 1 contained visual depictions of a minor engaging in sexually explicit conduct, that he knew each visual depiction contained in the images and videos showed a minor engaged in sexually explicit conduct, and that he knew that production of such visual depictions involved use of a minor engaged in sexually explicit conduct. Defendant admits and agrees that the person depicted in the child pornography images and videos is a real minor, and defendant received and saved the images and videos from the Internet using Snapchat, which are means and facility of interstate and foreign commerce, and by using a computer.

## SENTENCING FACTORS AND AGREED-UPON SENTENCE

18. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only.

19. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level          32     [U.S.S.G. §2G2.1(a)(1)]

Specific Offense
Characteristics:

| | | |
|---|---|---|
| 12-16 years | +2 | [U.S.S.G § 2G2.1(b)(1)] |
| Sexual Act | +2 | [U.S.S.G § 2G2.1(b)(2)(A)] |
| Distribution | +2 | [U.S.S.G § 2G2.1(b)(3)] |
| Use of Computer | +2 | [U.S.S.G § 2G2.1(b)(6)] |
| Additional Victim | +3 | [U.S.S.G § 2G2.1(d)] |
| Acceptance of Responsibility: | -3 | [U.S.S.G. § 3E1.1(b)] |

Total Offense Level:

Criminal History Category:            I

Guideline Range:            292-365 months' imprisonment

$50,000-$500,000 fine

The parties agree not to argue that any other specific offense characteristics, adjustments, or departures be imposed.

    20.   Defendant and the USAO agree that, taking into account the factors listed in 18 U.S.C. § 3553(a)(1)-(7) and the relevant sentencing guideline factors set forth above, an appropriate disposition of this case is that the Court impose a sentence of: between 120 months' to no greater than 240 months' imprisonment, with both parties reserving the right to argue for a particular sentence of imprisonment in that range; ten years' supervised release with conditions to be fixed by the Court which shall include the conditions set forth in Appendix to this Agreement; an appropriate amount of fine to be determined by the Court; $100 special assessment, an additional special assessment up to $35,000, and $5,000 if the Court concludes that defendant is a non-indigent person; and restitution of at least $3,000 per victim who requests restitution.   The parties agree that restitution is to be paid

pursuant to a schedule to be fixed by the Court.  The parties also agree that no prior imprisonment (other than credits that the Bureau of Prisons may allow under 18 U.S.C. § 3585(b)) may be credited against this stipulated sentence, including credit under Sentencing Guideline § 5G1.3.

### WAIVER OF CONSTITUTIONAL RIGHTS

21.  Defendant understands that by pleading guilty, defendant gives up the following rights:

      a.   The right to persist in a plea of not guilty.

      b.   The right to a speedy and public trial by jury.

      c.   The right to be represented by counsel – and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the Court appoint counsel – at every other stage of the proceeding.

      d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

      e.   The right to confront and cross-examine witnesses against defendant.

      f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

      g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### WAIVER OF RETURN OF DIGITAL DATA

22.   Understanding that the government has in its possession digital devices and/or digital media seized from defendant, defendant waives any right to the return of digital data contained on those digital devices and/or digital media and agrees that if any of these digital devices and/or digital media are returned to defendant, the government may delete all digital data from those digital devices and/or digital media before they are returned to defendant.

### WAIVER OF APPEAL OF CONVICTION

23.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

24.   Defendant agrees that, provided the Court imposes the sentence specified in paragraph 20 above, defendant gives up the right to appeal any portion of that sentence.

25.   The USAO agrees that, provided the Court imposes the sentence specified in paragraph 20 above, the USAO gives up its right to appeal any portion of that sentence.

1

## RESULT OF WITHDRAWAL OF GUILTY PLEA

2      26.   Defendant agrees that if, after entering a guilty plea

3  pursuant to this agreement, defendant seeks to withdraw and succeeds

4  in withdrawing defendant's guilty plea on any basis other than a

5  claim and finding that entry into this plea agreement was

6  involuntary, then (a) the USAO will be relieved of all of its

7  obligations under this agreement; and (b) should the USAO choose to

8  pursue any charge that was either dismissed or not filed as a result

9  of this agreement, then (i) any applicable statute of limitations

10  will be tolled between the date of defendant's signing of this

11  agreement and the filing commencing any such action; and

12  (ii) defendant waives and gives up all defenses based on the statute

13  of limitations, any claim of pre-indictment delay, or any speedy

14  trial claim with respect to any such action, except to the extent

15  that such defenses existed as of the date of defendant's signing this

16  agreement.

17                ## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

18      27.   Defendant agrees that if the count of conviction is

19  vacated, reversed, or set aside, both the USAO and defendant will be

20  released from all their obligations under this agreement.

21                      ## EFFECTIVE DATE OF AGREEMENT

22      28.   This agreement is effective upon signature and execution of

23  all required certifications by defendant, defendant's counsel, and an

24  Assistant United States Attorney.

25                          ## BREACH OF AGREEMENT

26      29.   Defendant agrees that if defendant, at any time after the

27  signature of this agreement and execution of all required

28  certifications by defendant, defendant's counsel, and an Assistant

18

United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, (b) the USAO will be relieved of all its obligations under this agreement, and (c) the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty plea.

30.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.  Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.  Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.  Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing

occurred prior to the breach); (ii) the agreed to factual basis
statement in this agreement; and (iii) any evidence derived from such
statements, shall be admissible against defendant in any such action
against defendant, and defendant waives and gives up any claim under
the United States Constitution, any statute, Rule 410 of the Federal
Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal
Procedure, or any other federal rule, that the statements or any
evidence derived from the statements should be suppressed or are
inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

31.  Defendant understands that the Court and the United States
Probation and Pretrial Services Office are not parties to this
agreement and need not accept any of the USAO's sentencing
recommendations or the parties' agreements to facts, sentencing
factors, or sentencing.  Defendant understands that the Court will
determine the facts, sentencing factors, and other considerations
relevant to sentencing and will decide for itself whether to accept
and agree to be bound by this agreement.

32.  Defendant understands that both defendant and the USAO are
free to: (a) supplement the facts by supplying relevant information
to the United States Probation and Pretrial Services Office and the
Court, (b) correct any and all factual misstatements relating to the
Court's Sentencing Guidelines calculations and determination of
sentence, and (c) argue on appeal and collateral review that the
Court's Sentencing Guidelines calculations and the sentence it
chooses to impose are not error, although each party agrees to
maintain its view that the calculations and sentence referenced in

paragraphs 19 and 20 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

<u>NO ADDITIONAL AGREEMENTS</u>

33.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

34.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
Acting United States Attorney

_____         6/29/2021
SONAH LEE                                Date
Assistant United States Attorney

_____         6/28/2021
SAGI SCHWARTZBERG                        Date
Defendant

_____         6/28/2021
ALEC S. ROSE                             Date
Attorney for Defendant SAGI
SCHWARTZBERG

<u>CERTIFICATION OF DEFENDANT</u>

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those

1   contained in this agreement.  No one has threatened or forced me in

2   any way to enter into this agreement.  I am satisfied with the

3   representation of my attorney in this matter, and I am pleading

4   guilty because I am guilty of the charge and wish to take advantage

5   of the promises set forth in this agreement, and not for any other

6   reason.

7

8   _____          ___6/28/2021_____

    SAGI SCHWARTZBERG                        Date

9   Defendant

10              CERTIFICATION OF DEFENDANT'S ATTORNEY

11       I am SAGI SCHWARTZBERG's attorney.  I have carefully and

12  thoroughly discussed every part of this agreement with my client.

13  Further, I have fully advised my client of his rights, of possible

14  pretrial motions that might be filed, of possible defenses that might

15  be asserted either prior to or at trial, of the sentencing factors

16  set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

17  provisions, and of the consequences of entering into this agreement.

18  To my knowledge: no promises, inducements, or representations of any

19  kind have been made to my client other than those contained in this

20  agreement; no one has threatened or forced my client in any way to

21  enter into this agreement; my client's decision to enter into this

22  agreement is an informed and voluntary one; and the factual basis set

23  forth in this agreement is sufficient to support my client's entry of

24  a guilty plea pursuant to this agreement.

25

26  _____          6/28/2021_____

    ALEC S. ROSE                             Date

27  Attorney for Defendant SAGI
    SCHWARTZBERG

28

APPENDIX

Sex Offender Supervised Release Conditions

Sex Offender Registration

Defendant shall register as a sex offender, and maintain the registration as a sex offender for the entire period of supervised release, and keep the registration current, in each jurisdiction where defendant resides, where defendant is an employee, and where defendant is a student, to the extent the registration procedures have been established in each jurisdiction.  When registering for the first time, defendant shall also register in the jurisdiction in which the conviction occurred if different from defendant's jurisdiction of residence.  Defendant shall provide proof of registration to the Probation Officer within three days of defendant's placement on probation/release from imprisonment.

Counseling

Defendant shall participate in a psychological counseling and/or psychiatric treatment and/or a sex offender treatment program, which may include inpatient treatment upon order of the Court, as approved and directed by the Probation Officer.  Defendant shall abide by all rules, requirements, and conditions of such program, including submission to risk assessment evaluations and physiological testing, such as polygraph and Abel testing, but the defendant retains the right to invoke the Fifth Amendment.  The Probation Officer shall disclose the presentence report and/or any previous mental health evaluations or reports to the treatment provider.

As directed by the Probation Officer, defendant shall pay all or part of the costs of treating defendant's psychological/psychiatric disorder(s) to the aftercare contractor during the period of

24

1    community supervision, pursuant to 18 U.S.C. § 3672.  Defendant shall

2    provide payment and proof of payment as directed by the Probation

3    Officer.

4     Access to Materials

5         Defendant shall not view or possess any materials, including

6    pictures, photographs, books, writings, drawings, videos, or video

7    games, depicting and/or describing child pornography, as defined in

8    18 U.S.C. §2256(8), or sexually explicit conduct depicting minors, as

9    defined at 18 U.S.C. §2256(2).  The defendant shall not possess or

10   view any materials such as videos, magazines, photographs, computer

11   images or other matter that depicts "actual sexually explicit

12   conduct" involving adults as defined by 18 U.S.C. § 2257(h)(1).  This

13   condition does not prohibit defendant from possessing materials

14   solely because they are necessary to, and used for, a collateral

15   attack, nor does it prohibit defendant from possessing materials

16   prepared and used for the purposes of defendant's Court-mandated sex

17   offender treatment, when defendant's treatment provider or the

18   probation officer has approved of defendant's possession of the

19   materials in advance.

20   Contact with Others

21        Defendant shall not associate or have verbal, written,

22   telephonic, or electronic communication with any person under the age

23   of 18, except: (a) in the presence of the parent or legal guardian of

24   said minor; and (b) on the condition that defendant notifies said

25   parent or legal guardian of defendant's conviction in the instant

26   offense.  This provision does not encompass persons under the age of

27   18, such as waiters, cashiers, ticket vendors, etc., with whom

28   defendant must interact in order to obtain ordinary and usual

commercial services.

Defendant shall not frequent, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18.

Defendant shall not affiliate with, own, control, volunteer or be employed in any capacity by a business or organization that causes defendant to regularly contact persons under the age of 18.

Defendant shall not affiliate with, own, control, or be employed in any capacity by a business whose principal product is the production or selling of materials depicting or describing "sexually explicit conduct," as defined at 18 U.S.C. § 2256(2).

Defendant shall not own, use or have access to the services of any commercial mail-receiving agency, nor shall defendant open or maintain a post office box, without the prior written approval of the Probation Officer.

<u>Employment</u>

Defendant's employment shall be approved by the Probation Officer, and any change in employment must be pre-approved by the Probation Officer.  Defendant shall submit the name and address of the proposed employer to the Probation Officer at least ten days prior to any scheduled change.

<u>Residence</u>

Defendant shall not reside within direct view of school yards, parks, public swimming pools, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18.  Defendant's residence shall be approved by the Probation Officer, and any change in residence must be pre-approved

26

by the Probation Officer.  Defendant shall submit the address of the
proposed residence to the Probation Officer at least ten days prior
to any scheduled move.

Search

    Defendant shall submit defendant's person, and any property,
house, residence, vehicle, papers, computer, other electronic
communication or data storage devices or media, and effects to search
at any time, with or without warrant, by any law enforcement or
Probation Officer with reasonable suspicion concerning a violation of
a condition of probation/supervised release or unlawful conduct by
defendant, and by any Probation Officer in the lawful discharge of
the officer's supervision function.

Computer

    Defendant shall possess and use only those computers and
computer-related devices, screen user names, passwords, email
accounts, and internet service providers ("ISPs") that have been
disclosed to the Probation Officer upon commencement of supervision.
Any changes or additions are to be disclosed to the Probation Officer
prior to defendant's first use.  Computers and computer-related
devices include personal computers, personal data assistants
("PDAs"), internet appliances, electronic games, cellular telephones,
and digital storage media, as well as their peripheral equipment,
that can access, or can be modified to access, the internet,
electronic bulletin boards, and other computers.

    All computers, computer-related devices, and their peripheral
equipment, used by defendant shall be subject to search and seizure.
This shall not apply to items used at the employment's site that are
maintained and monitored by the employer.

27

1    Defendant shall comply with the rules and regulations of the
2 Computer Monitoring Program.  Defendant shall pay the cost of the
3 Computer Monitoring Program, in an amount not to exceed $32 per month
4 per device connected to the internet.

# EXHIBIT

# A

1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9            FOR THE CENTRAL DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA,        ED CR No. 21-

11                Plaintiff,         I N F O R M A T I O N

12                v.                 [18 U.S.C. §§ 2252A(a)(2)(A),
                                     (b)(1): Receipt of Child
13  SAGI SCHWARTZBERG,               Pornography]
       aka "Jason D,"
14     aka "xocdrunkx,"

15                Defendant.

16

17       The United States Attorney charges:

18            [18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)]

19       Beginning in or around May 2020 through December 2020, in

20  San Bernardino and Los Angeles Counties, within the Central

21  District of California, defendant SAGI SCHWARTZBERG, also known

22  as ("aka") "Jason D," aka "xocdrunkx," knowingly received child

23  pornography, as defined in Title 18, United States Code, Section

24  2256(8)(A), that had been mailed, and using any means and

25  facility of interstate and foreign commerce had been shipped and

26  transported in and affecting interstate and foreign commerce by

27  any means, including by computer, knowing that the images and

28  videos were child pornography.

The child pornography that defendant SCHWARTZBERG received included, but was not limited to, the following videos and image:

    (1)   DC32740-E979-484A-9ACF-4B1E8887A102;

    (2)   E310434-5E35-4718-9BCA-E3FCB677FDCF; and

    (3)   EF7FD938-C708-4F7A-BF89-0D6B688D4E6C.


                        TRACY L. WILKISON
                        Acting United States Attorney

                        SCOTT M. GARRINGER
                        Assistant United States Attorney
                        Chief, Criminal Division


                        JERRY C. YANG
                        Assistant United States Attorney
                        Chief, Riverside Branch Office

                        SONAH LEE
                        Assistant United States Attorney