TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JERRY C. YANG
Assistant United States Attorney
Chief, Riverside Branch Office
SONAH LEE (Cal. Bar No. 246024)
Assistant United States Attorney
Riverside Branch Office
    3403 10th Street, Suite 200
    Riverside, California 92501
    Telephone: (951) 276-6924
    Facsimile: (951) 276-6202
    E-mail:    Sonah.Lee@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. ED CR 21-000148-VAP |
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION REGARDING DEFENDANT SAGI SCHWARTZBERG |
| v. | |
| SAGI SCHWARTZBERG,<br>   aka "Jason D," and<br>      "xocdrunkx," | Hearing Date: April 4, 2022<br>Hearing Time: 9 A.M. |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Sonah Lee, hereby files its Sentencing Position Regarding Defendant Sagi Schwartzberg.

The government's Sentencing Position is based on the United States Probation Office's Presentence Report ("PSR"), the record

///

of the proceedings in this case, and any further evidence and argument that the Court may permit.

Dated: March 14, 2022

Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

JERRY C. YANG
Assistant United States Attorney
Chief, Riverside Branch Office

    /s/ *Sonah Lee*
SONAH LEE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Sagi Schwartzberg ("defendant") used Snapchat and other applications to communicate with young women and solicited sexually suggestive and explicit video and photos of these young women and offered them money in return for these images. (Dkt. 16 ¶ 17.) One of the young women who communicated with defendant was Minor Victim 1. (Id.) Between May 13, 2020, and December 10, 2020, defendant communicated with, solicited from Minor Victim 1, and received from Minor Victim 1, sexually suggestive and at times sexually explicit videos and photos that constituted child pornography depicting Minor Victim 1. (Id.) In return, defendant paid her in electronic gift cards. (Id.) Minor Victim 1 was a high school freshman and sophomore during this period. (Id.)

For this conduct, defendant pleaded guilty to one-count information alleging receipt of child pornography pursuant to a written, binding plea agreement filed with the Court on June 29, 2021. (Dkt. 16.)

On October 12, 2021, the United States Probation Office ("USPO") disclosed defendant's PSR. (Dkt. 24.) According to the USPO, defendant's total offense level is 40 and his criminal history category is I, which results in an advisory Guidelines range of 292-365 months. (PSR ¶ 158.)

The government concurs with the USPO's calculation of the total offense level and criminal history category, and respectfully requests that the Court impose a below the Guideline-range sentence of 150 months, to be followed by ten years of supervised release, an appropriate fine, $100 in mandatory special assessment, $5,000 in

special assessment pursuant to the Justice for Victims of Trafficking Act of 2015 if the Court concludes that defendant is a non-indigent person, and a special assessment up to $35,000 pursuant to 18 U.S.C. § 2259A.

Furthermore, defendant should be ordered to pay restitution, pursuant to 18 U.S.C. § 3664(d)(5).[1]

## II. STATEMENT OF FACTS

In late 2020, Fontana Internet Crimes Against Children Task Force ("Fontana ICAC") received a cybertip from Kik, a mobile messaging application, that a Kik user "drunkesq" had uploaded or shared suspected child pornography with other Kik users on several occasions. (Dkt. 16 ¶ 17.) Fontana ICAC determined that it was defendant who was using this Kik account. (Id.) Fontana ICAC executed a search warrant at defendant's personal residence in Fontana, California, and seized defendant's cell phone. (Id.) During the execution of the search warrant, defendant admitted to having used Kik, and also admitted to having been part of a Kik group where he may have forwarded video depicting child pornography. (Id.) Defendant admitted that he knew it was illegal. (Id.)

A forensic examination of defendant's cell phone revealed a secret photo vault of pornography collection depicting young women. (Id.) A couple of young women in this collection appeared to be minors. (Id.) Fontana ICAC located one of the young women whose images were found in the photo vault and determined that she was indeed a minor. (Id.) The photos depicted Minor Victim 1, who was

---

[1] The government has yet to receive any request for restitution as of this date. The government will work with defense counsel to reach an agreement on the applicable restitution, if any victim wishes to request restitution.

2

then a 16-year-old high school student in Los Angeles County. (Id.) Minor Victim 1 admitted that she communicated with an individual over Snapchat starting two years ago who agreed to pay her for naked photos of herself. (Id.) She provided him with photos and videos of herself, including the following:

- A video file titled "E310434-5E35-4718-9BCA-E3FCB677FDCF" is a 13-second long video recording, and depicts a pubescent girl about 14-15 years old, in a bathroom, fully nude. After making sure that the camera is correctly angled, she masturbates standing up, facing the camera; and
- An image titled "DC32740-E979-484A-9ACF-4B1E8887A102" depicts the same pubescent girl in a bathroom, fully nude, her right let propped up on the bathroom counter, exposing her genitalia and with at least one finger that appears to be inserted in her genitalia.

(Dkt. 1 ¶ 45.)

Fontana ICAC also located a second minor, Minor Victim 2, whose images appeared in defendant's collection. (Dkt. 16 ¶ 17.) Minor Victim 2 admitted that she sent sexually explicit photos and videos of herself when she was 16 years old to a Snapchat user who Fontana ICAC later determined was defendant.

Fontana ICAC also identified and located three additional young women, Minor Victim 3, 4, and 5. They told law enforcement that they were minors when they communicated with defendant online and sent him nude photos of themselves. (Id.)

**III.     GUIDELINES CALCULATIONS**

The government agrees that the USPO properly calculated defendant's criminal history as category I. (PSR ¶ 105.)

3

The USPO calculated defendant's base offense level as 32, pursuant to U.S.S.G. § 2G2.2(a)(2). (PSR ¶ 47.)  The USPO found that these enhancements applied in this case:

(1) +2 for material involving 12-16 years old;

(2) +2 for commission of sexual act or sexual contact;

(3) +2 distribution;

(4) +2 for use of a computer; and

(5) +3 for other victims.

(PSR ¶¶ 48-95.)  The government concurs with these enhancements and in the USPS's calculation of the Total Offense Level of 40, after a three-level downward adjustment for acceptance of responsibility.

**IV.   ASSESSMENT OF THE SECTION 3553(a) FACTORS AND THE GOVERNMENT'S SENTENCING POSITION**

Here, the nature and circumstances of the offense, the history and characteristics of the defendant, the need to afford adequate deterrence, and the need to avoid unwarranted disparities, all support a sentence of 150 months in this case.

Defendant's criminal conduct was, without a doubt, shameful. Trading child pornography and soliciting sexually explicit photos of videos from minors, is shameful and shocking behavior from an adult man, much less an adult man from defendant's background: an attorney, a father, a husband, an educated man of profession who appears to enjoy professional and financial success as well as a wide circle of personal friends and colleagues.

To his credit, however, defendant readily admitted to his criminal conduct when contacted by law enforcement and appeared to demonstrate sincere sorrow for his criminal conduct.  Defendant also

4

timely decided to accept responsibility in this case by pleading guilty in this case and speedily sought resolution of this case.

Also, to properly place the government's recommendation of a below-Guideline range of 150 months' sentence in perspective, it is also important to note that while the underlying facts of this case does involve production of child pornography, none of the usual aggravating facts that are often present in other production of child pornography cases are present here:  (1) the crime does not involve hands-on sexual abuse; (2) none of the victims are prepubescent, toddlers, or infants or otherwise vulnerable victims; (3) the images do not depict force, sadistic or masochistic conduct, or other depictions of violence; (4) the crime does not involve familial relationship nor is defendant in a supervisorial control over victims; and (5) the crime does not involve subterfuge or other aggravating facts.

Furthermore, defendant has no criminal history, was gainfully employed and was by all reports a hardworking and respected member of the community before his arrest in this case.  Defendant also appears to enjoy close ties with his family as well as respect and friendship from other members of his social circle and community until this case.

On balance, the government respectfully submits that a sentence of 150 months reflects the seriousness of the offense conduct, the nature and characteristics of defendant, and also takes into account defendant's early acceptance of responsibility.

**V.    RESTITUTION**

As noted by the USPO, 18 U.S.C. § 2259 prescribes mandatory victim restitution for defendant's crime of conviction (as does

5

U.S.S.G. § 5E1.1).  The government had not yet received any request for restitution.  In case the government receives any requests for restitution, the government will confer with defense regarding a stipulated restitution amount with the defense.  In the alternative, the government will shortly file briefing on this issue in the event the parties are not able to come to an agreement.

**VI.  CONCLUSION**

For the foregoing reasons, the government respectfully submits that defendant should be sentenced to 150 months in custody, followed by a ten-year period of supervised release, a mandatory assessment of $100, a special assessment of $5,000 and $35,000, and appropriate restitution if applicable.